The Honorable TIMOTHY W. DORE
Chapter 13

# THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re<br><br>DELORES LANE,<br><br>             Debtor. | Bankruptcy Case No. 15-16418 |
| DELORES LANE,<br><br>             Plaintiff,<br><br>             v.<br><br>OCWEN FINANCIAL CORPORATION;<br>OCWEN SERVICING, LLC; and<br>NATIONWIDE CREDIT, INC.,<br><br>             Defendants. | Adversary No.<br><br>COMPLAINT TO MODIFY PARTIALLY UNSECURED SECOND-POSITION LIEN ON RENTAL PROPERTY |

COMES NOW the Plaintiff/Debtor herein, Delores Lane, by and through her attorneys of record, Wells and Jarvis, P.S., and for her complaint to modify a second-position deed of trust, alleges as follows:

**I. PARTIES**

1. Plaintiff is the Debtor in the above-numbered bankruptcy case, having filed a Chapter 13 bankruptcy petition on October 29, 2015.

COMPLAINT - 1

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

2. Defendant Ocwen Financial Corporation through its subsidiary, Ocwen Loan Servicing, LLC, and Nationwide Credit, Inc. ("Nationwide") as servicer, are nominally secured creditors of Debtor holding the second-position deed of trust on her rental property.

## II. JURISDICTION

3. This Court has jurisdiction over this matter under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") pursuant to 28 U.S.C. §§151, 157, and 1334.

4. This adversary proceeding is commenced pursuant to Rule 7001 et seq of the Federal Rules of Bankruptcy Procedure and §§506, 1322 and 1325 of the Bankruptcy Code.

5. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

6. This is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(K) and (O).

## III. FACTUAL BACKGROUND

7. Plaintiff is the owner of real property located at 4217 50th Ave South, Seattle, WA 98118. This is an investment property which Plaintiff leases to residential tenants. It is legally described as:

LOTS 12 AND 13, BLOCK 95, LAKEWOOD REPLAT OF MAYNARD'S LAKE WASHINGTON ADDITION TO THE CITY OF SEATTLE, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 10 OF PLATS, PAGE 46, IN KING COUNTY, WASHINGTON.

SITUATED IN THE COUNTY OF KING, STATE OF WASHINGTON

and is hereinafter referred to as "the Rental."

8. Plaintiff values the Rental at $349,000 based on the most recent King County tax assessment.

9. There are two deeds of trust on the property, recorded under Auditor's File No. 20060417001405 and 20060417001406, respectively. The second secures a Note held by Defendants.

COMPLAINT - 2

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 16-01026-TWD    Doc 1    Filed 01/27/16    Ent. 01/27/16 11:59:01    Pg. 2 of 5

10. U.S. Bank, N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-HE2 Asset Backed Pass-Through Certificates, Series 2006-HE2 ("US Bank") holds the first-position deed of trust and associated note on the Rental. US Bank has not yet filed a proof of claim in the bankruptcy case, but it has stated in its objection to plan that "the outstanding balance due on the Note as of filing is approximately $342,939.04." See docket number 14, page 2, line 1, in the underlying bankruptcy case.

11. Defendants have not yet filed a proof of claim in this case, but as set forth on the bankruptcy schedules, approximately $39,956 was estimated to be owing to Defendants on the associated note as of the petition date.

12. Given US Bank's secured claim of $342,939.04 and the Rental's value of $349,000, only $6,060.96 in equity remains to secured Defendants' lien. The remainder is unsecured.

## VI. BIFURCATION OF SECOND-POSITION LIEN

13. § 506(a) of the Bankruptcy Code provides that the claim of a creditor secured by a lien on property of the estate may be an allowed secured claim only "to the extent of the value of such creditor's interest in the estate's interest in such property." In turn § 506(d) provides that, subject to two exceptions inapplicable here, "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

14. In the present case, a portion of Defendants' claim is not a secured claim as defined in §506(a), and thus its claim should be bifurcated into a secured claim of $6,060.96 ("the Secured Claim") with the remainder allowed only as a general unsecured claim. Pursuant to § 506(d), the lien amount should be modified to correspond to the Secured Claim, with the remainder void.

## VII.   REDUCTION OF INTEREST RATE

COMPLAINT - 3

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

15. Plaintiff also seeks through this adversary proceeding and in her plan to reduce the interest rate on Defendants' Secured Claim to a fixed rate of 5%. She believes this proposed rate is appropriate based on the national prime interest rate and the particular risk factors involved, and that it will result in full payment of the present value of Defendants' claim.

## VIII. MODIFICATION OF LIEN ALLOWED

16. § 1322(b)(2) of the Bankruptcy Code allows a debtor in her Chapter 13 Plan to modify "the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." In this case, the property is not Plaintiff's residence, and therefore the prohibition against modifying Defendants' rights is not applicable and the unsecured portion of the lien may be removed from the Rental and the interest rate reduced.

WHEREFORE, Plaintiff respectfully requests that the Court, pursuant to 11 U.S.C. §§ 506(a) and (d), § 1322(b)(2), and § 1325(a)(5)(B)(ii), enter judgment providing:

1. That Defendants' second-position deed of trust is partially unsecured; and
2. That Defendants' claim in the associated bankruptcy shall be allowed as a secured claim only in the amount of $6,060.96, and that the remainder of the claim shall be treated as an unsecured claim pursuant to Plaintiff's plan in the associated Chapter 13 bankruptcy; and
3. That the interest rate on Defendants' secured claim shall be fixed at 5%; and
4. That the lien on the Rental described herein shall be modified in accordance with the above provisions; and
5. For such other and further relief as the Court deems just and proper.

DATED this 27th day of January, 2016.

COMPLAINT - 4

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 16-01026-TWD    Doc 1    Filed 01/27/16    Ent. 01/27/16 11:59:01    Pg. 4 of 5

| | |
|---|---|
| 1 | Wells and Jarvis, P.S. |
| 2 | By: _/s/ Emily Jarvis_ |
| 3 | Emily Jarvis, WSBA #41841<br>Attorneys for the Plaintiff |

COMPLAINT - 5

WELLS AND JARVIS, P.S.
502 Logan Building
500 Union Street
Seattle, WA 98101-2332
206-624-0088 Fax 206-624-0086

Case 16-01026-TWD    Doc 1    Filed 01/27/16    Ent. 01/27/16 11:59:01    Pg. 5 of 5